UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR BCAT 2015-14ATT, <br><br> PLAINTIFF <br><br> v. <br><br> JUDY R. CHAMBERLAND AND RONALD T. CHAMBERLAND, <br><br> DEFENDANTS <br><br> AND <br><br> BANK OF AMERICA, N.A., S/B/M TO FLEET NATIONAL BANK; VERIZON NEW ENGLAND, INC.; AND CENTRAL MAINE POWER COMPANY <br><br> PARTIES-IN-INTEREST | CIVIL NO. 2:16-CV-529-DBH |

**JUDGMENT OF FORECLOSURE AND SALE**

This matter came before the Court, Hornby, J., for a testimonial hearing on the plaintiff's Motion for Default Judgment on June 13, 2017. The plaintiff Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14ATT, was present and represented by John A. Doonan, Esq. The defendants Judy R. Chamberland and Ronald T. Chamberland, party-in-interest Bank of America N.A., s/b/m to Fleet National Bank, party-in-interest Verizon New England, Inc.,

and party-in-interest Central Maine Power Company did not appear. Seven (7) exhibits were admitted into evidence. Jessica Edwards testified.

All persons interested having been duly notified in accordance with the law, and after hearing, the plaintiff's Motion for Default Judgment is **GRANTED**. Count II—Breach of Note; Count III—Breach of Contract, Money Had and Received; Count IV—Quantum Meruit; and Count V—Unjust Enrichment, are hereby **DISMISSED WITHOUT PREJUDICE** at the request of the plaintiff. **JUDGMENT** on Count I—Foreclosure, is hereby **ENTERED** as follows:

1. If the defendants or their heirs or assigns pay Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14ATT (Wilmington Savings Fund), the amount adjudged due and owing ($263,105.89) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, Wilmington Savings Fund shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF Docket.

2. If the defendants or their heirs or assigns do not pay Wilmington Savings Fund the amount adjudged due and owing ($263,105.89) within 90 days of the Judgment, as that time period is calculated in accordance with 14 M.R.S.A. § 6322, their remaining rights to possession of the Lewiston Property shall terminate, and Wilmington Savings Fund shall conduct a public sale of the Lewiston Property in accordance with 14 M.R.S.A. § 6323, disbursing the proceeds first to itself in the amount of $263,105.89, after deducting the

expenses of the sale, with any surplus to be disbursed pursuant to Paragraph 5 of this Judgment, and in accordance with 14 M.R.S.A. § 6324.

3. Pursuant to 14 M.R.S.A. § 2401(3)(F), the Clerk shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

4. The amount due and owing is $263,105.89.

5. The priority of interests is as follows:

   a. Wilmington Savings Fund has first priority pursuant to the subject Note and Mortgage.

   b. Bank of America, N.A., s/b/m to Fleet National Bank has second priority behind the plaintiff pursuant to a Mortgage dated May 12, 2004, in the amount of $14,000.00, and recorded in the Androscoggin County Registry of Deeds in Book 5947, Page 88.

   c. Judy R. Chamberland and Ronald T. Chamberland have third priority behind the plaintiff.

   d. Parties-in-Interest Verizon New England, Inc., and Central Maine Power Company have an interest in the property pursuant to an Easement Deed dated July 31, 2002, and recorded in the Androscoggin County Registry of Deeds in Book 5120, Page 317.

6. The Easement Deed to Verizon New England, Inc., and Central Maine Power Company, dated July 31, 2002, and recorded in the Androscoggin

County Registry of Deeds in Book 5120, Page 317, survives the foreclosure and is not negated or affected by this Judgment.

7. The prejudgment interest rate is 5.74%, see 14 M.R.S.A. § 1602-B, and the post-judgment interest rate is 6.65%, see 14 M.R.S.A. § 1602-C.

8. The following information is included in this Judgment pursuant to 14 M.R.S.A. § 2401(3):

   a. The plaintiff is:                    The plaintiff's counsel is:

   Wilmington Savings Fund               John A. Doonan, Esq.
   Society, FSB, doing business          Doonan, Graves & Longoria,
   as Christiana Trust, not in its       LLC
   individual capacity, but solely       100 Cummings Center
   as trustee for BCAT 2015-             Suite 225D
   14ATT                                 Beverly, MA  01915

   b. The defendants, who are not represented by counsel, are:

   Judy R. Chamberland                   Ronald T. Chamberland
   168 Philbrick Road                    29 Old Lisbon Road
   Sidney, ME  04330                     Lewiston, ME  04240

   c. The parties-in-interest, who are not represented by counsel, are:

   Verizon New England, Inc.             Central Maine Power Company
   125 High Street                       83 Edison Drive
   Oliver Tower, 7th Floor               Augusta, ME  04336
   Boston, MA  02110

   Bank of America, N.A., s/b/m
   to Fleet National Bank
   100 North Tyron Street
   Charlotte, NC  28202

   d. The docket number of this case is No. 2:16-cv-00529-DBH.

   e. All parties to this proceeding received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

f.  A description of the real estate involved, 29 Old Lisbon Road, Lewiston, Maine 04240, is set forth in Exhibit A to the Judgment herein.

g.  The street address of the real estate involved is 29 Old Lisbon Road, Lewiston, Maine 04240.  The Mortgage was executed by the defendants on May 12, 2004.  The book and page number of the Mortgage in the Androscoggin County Registry of Deeds is Book 5947, Page 82.

**SO ORDERED.**

**DATED THIS 16TH DAY OF JUNE, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

"Exhibit A"

A certain lot or parcel of land situated on the northwesterly side of the Old Lisbon Road, but not contiguous thereto, in the City of Lewiston, County of Androscoggin, State of Maine, and being more particularly bounded and described as follows:

**Beginning at a Point** on the southerly sideline of the land, now or formerly, of Matthew and Fredericka J. Collins (Deed Reference: Book 2126, Page 221), at a point which is North sixty-one degrees fifty-nine minutes four seconds West (N 61° 59' 04" W), a distance of two hundred eighty-five (285') feet, from the northwesterly sideline of the Old Lisbon Road;

**Thence,** North sixty-one degrees fifty-nine minutes four seconds West (N 61° 59' 04"W), along the southerly line of land of said Collins (Deed Reference: Book 2126, Page 221), a distance of one hundred three (103') feet, to an angle point in said southerly line of land, now or formerly, of said Collins (Deed Reference: Book 2126, Page 221);

**Thence,** south sixty-one degrees fifty-one minutes seven seconds West (S 61° 51' 07" W), along the southerly line of land of said Collins (Deed Reference: Book 2126, Page 221), a distance of two hundred fifty-eight (258') feet, to a point on the northeasterly sideline of land, now or formerly, of Frank P. Corrao (Deed Reference: Book 1745, Page 292);

**Thence,** South forty-one degrees thirty-eight minutes forty-five seconds West (S 41° 38' 45" W), along the northeasterly sideline of land of said Corrao (Deed Reference: Book 1745, Page 292), a distance of forty-seven (47') feet, to a point;

**Thence,** in a southerly direction, at or near a stone wall, along the said northeasterly line of land of said Corrao (Deed Reference: Book 1745, Page 292), a distance of one hundred eighty-eight (188'+/-) feet, more or less, to a 3/8" iron pin. Said point lying South thirty-three degrees thirty-nine minutes forty-six seconds West (S 33° 39' 46" W), a distance of seventy-six and twenty-four hundredths (76.24') feet and South forty-eight degrees forty-four minutes twenty-three seconds West (S 48° 44' 23" W), a distance of one hundred eighty and seven hundredths (180.07') feet from the point of beginning;

**Thence,** North forty-eight degrees forty-four minutes twenty-three seconds East (N 48° 44' 23" E), along the remaining land, now or formerly, of Gerard A. and Donna Chamberland (Deed Reference: Book 1914, Page 14), a distance of one hundred eighty and seven hundredths (180.07') feet, to a point;

EXHIBIT A

Thence, North thirty-three degrees thirty-nine minutes forty-six seconds East (N 33° 39' 46" E), along the remaining land of said Chamberland (Deed Reference: Book 1914, Page 14), a distance of seventy-six and twenty-four hundredths (76.24') feet, to the Point of Beginning.

Containing .93 acres, more or less.

Meaning and intending to convey a portion of the premises described in a certain deed from the Estate of Alphondor Chamberland to Gerard Chamberland, dated March 31, 1986 and recorded at the Androscoggin County Registry of Deeds in Book 1914, Page 14.

The premises hereinabove described are conveyed subject to any easements and restrictions of record and together with the benefit of all rights, easements, privileges, and appurtenances belonging thereto.

Also conveying a thirty (30') foot wide right-of-way or easement over the existing paved driveway and an extension thereof, to the southeasterly line of the parcel described above for ingress and egress to be used in common with others for all purposes which a public or private road may be used including the right to maintain, repair and improve the said driveway and the installation, maintenance and replacement of utilities therein. Said thirty (30') foot wide right-of-way being more particularly described as follows:

Beginning at a Point on the northwesterly sideline of the said Old Lisbon Road at the easterly corner of land, now or formerly, of Gloria A. Perreault (Deed Reference: Book 3013, Page 234);

Thence, North thirty-seven degrees four minutes seventy-three seconds West (N 73° 04' 37" W), along the northeasterly line of land of said Perrault (Deed Reference: Book 3013, Page 234), to the northwesterly corner of land of said Perrault (Deed Reference: Book 3013, Page 234);

Thence, North fifty-six degrees fifty-nine minutes five seconds West (N 56° 59' 05"W, through land of grantor one hundred thirty-four and six hundredths (134.06'+/-) feet, more or less, to a point which lies thirty (30') feet southeasterly as measured perpendicular to the last described course in the parcel above.

Thence, South thirty-three degrees thirty-nine minutes forty-nine seconds West (S 33° 39' 49" W), through land of grantor, a distance of twenty-one and sixty-six hundredths (21.66') feet, to a point;

Thence, South forty-eight degrees forty-four minutes twenty-three seconds West (S 48° 44' 23" W), through land of said grantor fifty-seven and forty-eight hundredths (57.48') feet, to a point;

Thence, North forty-one degrees fifteen minutes thirty-seven seconds West (N 41° 15' 37" W), through land of said grantor, a distance of thirty (30') feet to a point on the southeasterly line of the above described parcel;

Thence, North forty-eight degrees forty-four minutes twenty-three seconds East (N 48° 44' 23" E), along the said southeasterly line of the above described parcel, a distance of fifty-three and fifty-one hundredths (53.51') feet, to a point;

Thence, North thirty-three degrees thirty-nine minutes forty-six seconds East (N 33° 39' 46" E), along the said last described course in the above described parcel, a distance of forty-seven and thirty-six hundredths (47.36') feet, to a point;

Thence, South fifty-six degrees fifty-nine minutes five seconds East (S 56° 59' 05" E), through land of said grantor, along a line which is parallel with and thirty (30') feet northeasterly of the second described course as described in this right-of-way, a distance of one hundred fifty-nine and forty-eight hundredths (159.48'+/-) feet, more or less, to a point;

Thence, South seventy-three degrees four minutes thirty-seven seconds East (S 73° 04' 37" E), through land of said grantor, along a line which is parallel with and thirty (30') feet northeasterly of the first described course as described in this right-of-way, to the said northwesterly sideline of the Old Lisbon Road;

Thence, South nineteen degrees fifty-seven minutes eleven seconds West (S 19° 57' 11" W), along the said northwesterly sideline of the Old Lisbon Road, a distance of thirty and four hundredths (30.04'+/-) feet, more or less, to the Point of Beginning.

The source of title for the property described in the above described thirty foot (30') right-of-way is Warranty Deed - Joint Tenancy - Alphondor W. Chamberland to these Grantors - Gerard A. Chamberland and Donna M. Chamberland, dated September 8, 1970 duly recorded in said Androscoggin County Registry of Deeds, Book 1024, Page 306.

As a part of the consideration for receiving the above right-of-way the grantee, his successors and assigns hereby assume the obligation to pay one-half of any expense incurred for maintaining, servicing or repairing said right-of-way and for winter maintenance of same - plowing, snow removal, sanding, etc. This obligation is intended to run with the land.

## USE OF THIS DESCRIPTION ACKNOWLEDGES UNDERSTANDING AND ACCEPTANCE OF THE FOLLOWING NOTES AND CONDITIONS

**NOTES & CONDITIONS:**

1) All bearings refer to Magnetic North.

2) All Book and Page Numbers refer to the Androscoggin County Registry of Deeds.

3) This Suggested Parcel Description was prepared without the benefit of a Boundary Survey at the request of the client, and is subject to variations that a Boundary Survey might reveal. No monuments were set at the corners referenced above.

4) No independent investigation was made to determine compliance with Local and/or State Land Use Regulations.

5) The user of this description shall satisfy themselves that the grantor of the parcel described in this Suggested Parcel description is record owner, with good and marketable title thereto, free and clear of all encumbrances, with any exception or restrictions that are mutually agreed to by all parties involved.

6) This Suggested Parcel Description contains the description of a right-of-way or easement over a certain parcel of land. The language of this right-of-way or easement involves important legal issues affecting the grantors and/or grantees. The user of this description shall consult with Legal Counsel to verify wording contained within this Suggested Parcel Right-of-Way or Easement Description to determine what effect it may have upon their intended use of this parcel and to modify, as necessary, to protect affected parties' interests.